IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| RCL TRACK SERVICES, LLC ) | |
| ) | |
| PLAINTIFF, ) | Civil Action No. _____ |
| ) | |
| v. ) | |
| ) | |
| FERRION, LLC, ) | |
| ) | |
| DEFENDANT. ) | |
| _____) | |

## **COMPLAINT**

Plaintiff RCL Track Services, LLC ("**RCL**"), files this Complaint against Defendant Ferrion, LLC ("**Ferrion**"), and alleges as follows:

## **PARTIES**

1. RCL is a Texas limited liability company with its principal place of business in Fort Worth, Texas.

2. The individual members of RCL are citizens of Texas.

3. Ferrion is a Florida limited liability company with its principal place of business in Orlando, Florida.

4. Upon information and belief, Ferrion's sole member, Dermot Cawley, is a citizen of Florida.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332 due to the complete diversity of citizenship of the parties and because the amount in controversy exceeds $75,000.

6. The Court has personal jurisdiction over Ferrion because the contracts at issue, executed by both parties, contain a forum selection clause that provides any action or suit initiated in relation to the contracts must be brought in federal or state court located in Fulton County, Georgia. The contracts further provide that the agreement between the parties shall be construed as a contract made in the State of Georgia and governed by the laws of the State of Georgia, without regard to conflict of law principles.

7. Venue is proper in this Court due to the forum selection clause in the contracts at issue.

## FACTUAL ALLEGATIONS

8. The material facts underlying RCL's claims in this Complaint are simple, straightforward, and not in dispute.

9. RCL is a full-service rail and track-material provider specializing in the provision of goods and services in the railroad industry. Ferrion is in the business of brokering mill byproducts throughout the United States.

10. In May 2021, Ferrion transmitted two purchase orders to RCL requesting that it provide and ship railroad materials to a construction site in Bellemont, Arizona. The railroad materials requested by Ferrion were to be delivered to the construction project's general contractor, Mountain States Contracting. The first purchase order was identified in the document as CONTRACT: F5381 and dated May 20, 2021 (the "**First Purchase Order**").[1] The second purchase order was identified in the document as CONTRACT: F5382 and dated May 20, 2021 (the "**Second Purchase Order**," collectively with the First Purchase Order, the "**Purchase Orders**").[2] Further, the Purchase Orders contained terms and conditions (the "**Terms and Conditions**") requiring that they be construed as contracts made in the State of Georgia and governed by the laws of the State of Georgia, without regard to conflict of law principles.[3]

11. RCL approved the First Purchase Order and Second Purchase Order and instructed its employees to ship the railroad products identified in the Purchase

---

[1] A true and correct copy of the First Purchase Order is attached hereto as **Exhibit A**.

[2] A true and correct copy of the Second Purchase Order is attached hereto as **Exhibit B**.

[3] A true and correct copy of the Terms and Conditions is attached hereto as **Exhibit C**.

Orders and in accordance with the provisions contained therein. In return, Ferrion agreed to compensate RCL for its fulfillment of the Purchase Orders.

12. RCL shipped the railroad materials to Mountain States Contracting at the construction site in Bellemont, Arizona, consistent with the Purchase Orders.[4]

13. After fulfilling the Purchase Orders and providing Ferrion with copies of the Bills of Lading, RCL issued three invoices to Ferrion. The first invoice, numbered WA210151 and dated September 28, 2021, was for $67,247.21 (the "**First Invoice**").[5] The second invoice, numbered WA210152 and dated September 28, 2021, was for $326,362.92 (the "**Second Invoice**").[6] The third invoice, numbered WA210161 and dated September 30, 2021, was for $45,650.00 (the "**Third Invoice**").[7] The First Invoice, Second Invoice, and Third Invoice (collectively, the "**Invoices**") totaled $439,254.13 and specifically related to the railroad materials described in the Purchase Orders.

---

[4] True and correct copies of the Bills of Lading evidencing RCL's shipment of the rail materials are attached hereto as **Exhibit D**.

[5] A true and correct copy of the First Invoice is attached hereto as **Exhibit E**.

[6] A true and correct copy of the Second Invoice is attached hereto as **Exhibit F**.

[7] A true and correct copy of the Third Invoice is attached hereto as **Exhibit G**.

14. The Invoices obligated Ferrion to pay RCL within thirty days. To date, Ferrion has failed to remit *any* payments to RCL toward the $439,254.13 owed under the Invoices. And Ferrion has not disputed that it owes RCL the full $439,254.13 listed in the Invoices.

15. RCL has repeatedly requested that Ferrion remit payment for the amounts owed under the Invoices. Initially, Ferrion claimed that it could not remit payment to RCL because a related third party involved in the supply chain, L.B. Foster Company ("**L.B. Foster**"), failed to pay Ferrion. However, Ferrion's obligation to pay RCL was not and is not conditioned on its receiving payment from L.B. Foster.

16. In November 2021, Ferrion sued L.B. Foster in Florida state court for breach of contract and other related claims. The Florida suit was later removed to the United States District Court for the Middle District of Florida, docketed as Case No. 6:21-cv-2040-RBD-EJK (the "**Florida Suit**").[8]

17. Notably, Ferrion's lack-of-payment allegations against L.B. Foster are at odds with a declaration and related bank records that were filed by Ferrion in the

---

[8] A true and correct copy of the complaint and notice of removal related to the Florida Suit are attached hereto as **Exhibit H**.

Florida Suit.[9] Specifically, in the declaration and bank records, the amounts paid by L.B. Foster to Ferrion appear to include payment for the railroad materials RCL provided and shipped in accordance with the Purchase Orders.[10]

18. In early April 2022, Ferrion also sued Mountain States in the Superior Court of the State of Arizona in and for the County of Maricopa, docketed as Case No. CV2022-004180 (the "**Arizona Suit**"). Via the Arizona Suit, Ferrion argued that title to the rail materials did not pass to Mount States Contracting due to L.B. Foster's failure to pay and sought a writ of replevin to recover possession of the rail materials.[11]

19. In late April 2022, due to its lack of involvement in the Florida Suit and Arizona Suit and to preserve and protect its right to collect on the Invoices, RCL filed suit against Ferrion in the 236th District Court of Tarrant County, Texas, docketed as Case No. 236-333251-22 (the "**Texas Suit**").[12] Ferrion responded by

---

[9] True and correct copies of the declaration [Docket No. 17-1] and bank records [Docket No. 17-7] that Ferrion filed in the Florida Lawsuit are attached hereto, collectively, as **Exhibit I**.

[10] *See id.*

[11] A true and correct copy of the complaint related to the Arizona Suit is attached hereto as **Exhibit J**.

[12] A true and correct copy of the complaint related to the Texas Suit is attached hereto as **Exhibit K**.

challenging the Texas court's jurisdiction and invoking the forum-selection clause in the Terms and Conditions.[13]

20. Ferrion has now settled and dismissed the Florida Suit against L.B. Foster and the Arizona Suit against Mountain States Contracting.[14]

21. Before filing this Complaint and knowing that Ferrion resolved the Florida Suit and Arizona Suit, RCL issued a final demand to Ferrion requesting that it remit full payment to RCL for the amounts due under the Invoices (the "**Demand Letter**"). Further, via the Demand Letter, RCL notified Ferrion that if it refused to remit payment for the Invoices, RCL would drop the Texas Suit and pursue legal recourse against Ferrion in Georgia.[15]

22. Ferrion refused to issue RCL full payment for the amounts owed under the Invoices, thereby forcing RCL to file this Complaint. Accordingly, all conditions precedent to RCL's claims against Ferrion have occurred, been performed, satisfied, or otherwise fulfilled.

---

[13] A true and correct copy of Ferrion's jurisdictional challenge related to the Texas Suit is attached hereto as **Exhibit L**.

[14] True and correct copies of the settlement and dismissal pleadings filed by Ferrion in the Florida Suit and Arizona Suit are collectively attached hereto as **Exhibit M**.

[15] A true and correct copy of the Demand Letter is attached hereto as **Exhibit N**.

## COUNT 1: SUIT ON SWORN ACCOUNT

23. RCL repeats and re-alleges the allegations contained in paragraphs 1 through 22 of this Complaint as if fully set forth herein.

24. RCL provided goods and services to Ferrion on an open account by shipping the railroad materials to Mountain States Contracting at the construction site in Bellemont, Arizona.

25. Ferrion accepted the goods and services and became bound to pay RCL its designated charges, which were contained in the Purchase Orders and Invoices. The prices RCL charged Ferrion were just and true, and were in accordance with the terms contained in the Purchase Orders and Invoices.

26. RCL kept and maintained a systematic record of its transactions with Ferrion and a detailed accounting of the goods sold and services performed, including records on the transactions related to the Purchase Orders and Invoices.[16] The principal balance due on the account is $439,254.13.

27. RCL's claim is just and true, the amount is due, and all lawful offsets, payments, and credits have been applied to the account.

---

[16] Attached hereto as **Exhibit O** is a true and correct copy of the systematic record and the open account and attached hereto as **Exhibit P** is an accompanying declaration, both of which are incorporated herein.

28. As a direct and proximate consequence of Ferrion's failure to pay the amount owed on the account, RCL has suffered actual and consequential damages, for which RCL seeks recovery.

## COUNT 2: BREACH OF CONTRACT

29. RCL repeats and re-alleges the allegations contained in paragraphs 1 through 28 of this Complaint as if fully set forth herein.

30. RCL and Ferrion entered valid and binding contracts, and Ferrion agreed to compensate RCL in accordance with the amounts contained in the Invoices. RCL accepted a duty to perform under the Purchase Orders and tendered full performance of its obligations by shipping the railroad materials to Mountain States Contracting at the construction site in Bellemont, Arizona.

31. Ferrion breached its obligations to RCL by failing to make timely payments in accordance with Invoices for the amounts owed to RCL as compensation for its shipment of the railroad materials to Mountain States Contracting at the construction site in Bellemont, Arizona.

32. Accordingly, Ferrion is in default of its obligations under the Purchase Orders and Invoices.

33. As a direct and proximate consequence of Ferrion's breach and its failure to pay RCL in accordance with the Invoices, RCL has suffered actual and consequential damages, for which RCL seeks recovery.

**COUNT 3: QUANTUM MERUIT AND UNJUST ENRICHMENT**

34. RCL repeats and re-alleges the allegations contained in paragraphs 1 through 33 of this Complaint as if fully set forth herein.

35. Pursuant to Georgia law, and in the alternative to Counts 1 and 2, RCL pleads a cause of action against Ferrion for quantum meruit and unjust enrichment.

36. RCL provided and rendered valuable goods and services to Ferrion by fulfilling the Purchase Orders and shipping the railroad materials to Mountain States Contracting at the construction site in Bellemont, Arizona.

37. As a direct result of RCL's provision of valuable goods and services, benefits were conferred on Ferrion.

38. Ferrion used and accepted RCL's goods and services and had notice that RCL expected to be paid for its supplying Ferrion with such goods and services.

39. As a direct and proximate result of Ferrion's failure to pay RCL for its goods and services, RCL has been damaged and is entitled to recover the reasonable value of the goods and services it provided to Ferrion. RCL reasonably expected

payment from Ferrion for its goods and services, and Ferrion knew RCL expected such payment.

### COUNT 4: ATTORNEYS' FEES

40. RCL repeats and re-alleges the allegations contained in paragraphs 1 through 39 of this Complaint as if fully set forth herein.

41. Because of the above-described conduct by Ferrion, RCL was required to retain attorneys to prosecute this action and agreed to pay the retained attorneys a reasonable fee.

42. Ferrion's conduct in failing to pay RCL the amounts duly owed and honor its obligations under the Purchase Orders and the Invoices has been in bad faith, stubbornly litigious, and has caused unnecessary trouble and expense for RCL.

43. Accordingly, RCL is entitled to recovery of its attorneys' fees and expenses of litigation pursuant to O.C.G.A. § 13-6-11.

### PRAYER FOR RELIEF

For these reasons, RCL asks that the Court issue summons for Ferrion to appear and answer, and that RCL be awarded a judgment against Ferrion for the following:

    a. Compensatory damages in the total amount of $439,254.13;

    b.    Pre-judgment and post-judgment interest to the fullest extent permitted by law;

    c.    Court costs;

    d.    Attorneys' fees; and

    e.    All other relief that the Court deems just and proper.

Date: July 19, 2022

Respectfully submitted,

**MORRIS, MANNING & MARTIN, LLP**

By: */s/ Eric A. Larson*
    Eric A. Larson
    Georgia Bar No. 800631
    Nathan R. Miles
    Georgia Bar No. 829924

    *Attorneys for Plaintiff RCL Track Services, LLC*

1600 Atlanta Financial Center
3343 Peachtree Road NE
Atlanta, Georgia 30326
Telephone: (404) 233-7000
Facsimile: (404) 365-9532
elarson@mmmlaw.com
nmiles@mmmlaw.com